ORAL ARGUMENT NOT YET SCHEDULED

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA,<br>*Petitioner*,<br>v.<br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br>*Respondent.* | ) | No. 17-1014 (and consolidated cases) |

MOTION OF AMERICAN LUNG ASSOCIATION, CENTER FOR BIOLOGICAL DIVERSITY, CLEAN AIR COUNCIL, CLEAN WISCONSIN, COAL RIVER MOUNTAIN WATCH, CONSERVATION LAW FOUNDATION, ENVIRONMENTAL DEFENSE FUND, KANAWHA FOREST COALITION, KEEPER OF THE MOUNTAINS FOUNDATION, MON VALLEY CLEAN AIR COALITION, NATURAL RESOURCES DEFENSE COUNCIL, OHIO VALLEY ENVIRONMENTAL COALITION, SIERRA CLUB, THE OHIO ENVIRONMENTAL COUNCIL, AND WEST VIRGINIA HIGHLANDS CONSERVANCY FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENT

Not-for-profit public health and environmental advocacy organizations American Lung Association, Center for Biological Diversity, Clean Air Council, Clean Wisconsin, Coal River Mountain Watch, Conservation Law Foundation, Environmental Defense Fund, Kanawha Forest Coalition, Keeper of the Mountains Foundation, Mon Valley Clean Air Coalition, Natural Resources Defense Council,

Ohio Valley Environmental Coalition, Sierra Club, The Ohio Environmental Council, and West Virginia Highlands Conservancy ("Movant-Intervenors") respectfully seek to intervene as Respondents in the these consolidated petitions, in support of the United States Environmental Protection Agency ("EPA" or the "Agency"), pursuant to Federal Rule of Appellate Procedure 15(d) and D.C. Circuit Rule 15(b). These cases seek judicial review of EPA's denial of 33 petitions for reconsideration and 22 petitions for administrative stay of the Agency's carbon dioxide emission guidelines for existing electric generating units. See Denial of Reconsideration and Administrative Stay of the Emission Guidelines for Greenhouse Gas Emissions and Compliance Times for Electric Utility Generating Units, 82 Fed. Reg. 4864 (Jan. 17, 2017) ("Reconsideration and Stay Denial").

Counsel for Movant-Intervenors have contacted counsel for all Petitioners, Respondent, and Movant-Intervenors seeking their positions on this motion. Counsel for Petitioners State of North Dakota (No. 17-1014), Murray Energy Corp. (No. 17-1015), Utility Air Regulatory Group and American Public Power Association (No. 17-1018), LG&E and KU Energy LLC (No. 17-1019), National Rural Electric Cooperative Association (No. 17-1020), State of West Virginia et al. (No. 17-1022), National Association of Home Builders (No. 17-1023), and Alabama Power et al. (No. 17-1031) have indicated that they take no position on

this motion. Counsel for Respondent has indicated that EPA takes no position on this motion. Counsel for State and Municipal Movant-Intervenors for Respondents have indicated that they consent to this motion.

**INTRODUCTION**

On October 23, 2015, EPA finalized emission guidelines that establish a framework, pursuant to Clean Air Act section 111(d), 42 U.S.C. § 7411(d), for setting carbon dioxide emission standards for existing fossil fuel-fired power plants. Carbon Pollution Emission Guidelines for Existing Stationary Sources: Electric Utility Generating Units, 80 Fed. Reg. 64,662 (Oct. 23, 2015) ("Clean Power Plan"). This Court granted Movant-Intervenors leave to intervene in *West Virginia v. EPA*, No. 15-1363, the earliest-filed challenge to the final Clean Power Plan. Order, *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Jan. 11, 2016), ECF 1592885; *see also* Mot. for Leave to Intervene, No. 15-1363 (D.C. Cir. Oct. 27, 2015), ECF 1580219; Mot. to Intervene, No. 15-1363 (D.C. Cir. Nov. 24, 2015), ECF 1585197. By operation of D.C. Circuit Rule 15(b), Movant-Intervenors here are Respondent-Intervenors as to each of the consolidated challenges to the Clean Power Plan.

A total of 38 administrative petitions for reconsideration of the Clean Power Plan were filed with EPA. Of these petitions, five were filed by present Petitioners. On January 17, 2017, the Agency denied 31 of these petitions in full and denied

two more petitions "except to the extent they raised the topic of biomass," with respect to which the Agency deferred action. 82 Fed. Reg. at 4865. The Agency also deferred action on the remaining five petitions, which concerned biomass and waste-to-energy issues. *Id.* In addition to these petitions for reconsideration, a total of 22 petitions for administrative stay of the Clean Power Plan were filed with EPA, including three by current Petitioners. The Agency denied all of these petitions, which were mooted when the Supreme Court stayed the Clean Power Plan on February 9, 2016.[1] *Id.* at 4866. Petitioners now seek judicial review of EPA's Reconsideration and Stay Denial.[2]

By the present motion, Movant-Intervenors seek to intervene as respondents in the cases challenging the Reconsideration and Stay Denial (Nos. 17-1014, 17-

---

[1] *See* Order in Pending Case, *West Virginia v. EPA*, No. 15A773 (U.S. Feb. 9, 2016); *see also* EPA, *Basis for Denial of Petitions to Reconsider and Petitions to Stay the CAA section 111(d) Emission Guidelines for Greenhouse Gas Emissions and Compliance Times for Electric Utility Generating Units*, at 257 (Jan. 11, 2017), EPA Doc. ID No. EPA-HQ-OAR-2013-0602-37338.

[2] *North Dakota v. EPA*, No. 17-1014 (filed Jan. 17, 2017), ECF 1657265; *Murray Energy Corp. v. EPA*, No. 17-1015 (filed Jan. 17, 2017), ECF 1657271; *Util. Air Regulatory Grp. & Am. Pub. Power Ass'n v. EPA*, No. 17-1018 (filed Jan. 18, 2017), ECF 1657223; *LG&E & KU Energy LLC v. EPA*, No. 17-1019 (filed Jan. 18, 2017), ECF 1657230; *Nat'l Rural Elec. Coop. Ass'n v. EPA*, No. 17-1020 (filed Jan. 18, 2017), ECF 1657238; *West Virginia et al. v. EPA*, No. 17-1022 (filed Jan. 23, 2017), ECF 1657314; *Nat'l Ass'n of Home Builders v. EPA*, No. 17-1023 (filed Jan. 24, 2017), ECF 1657323; *Alabama Power Co. et al. v. EPA*, No. 17-1031 (filed Jan. 27, 2017), ECF 1658105. This Court has consolidated these eight cases. Order of Jan. 25, 2017, in No. 17-1014, ECF No. 1657354; Order of Jan. 30, 2017, in No. 17-1014, ECF No. 1658114.

1015, 17-1018, 17-1019, 17-1020, 17-1022, 17-1023, and 17-1031) in support of Respondent EPA. This motion is timely filed within the thirty-day period specified in Fed. R. App. P. 15(d) and prior to this Court's February 24, 2017 deadline for procedural motions.[3] Pursuant to D.C. Circuit Rule 15(b), this constitutes a motion to intervene in all petitions for review of the Reconsideration and Stay Denial.

**STATEMENT OF INTEREST AND GROUNDS FOR INTERVENTION**

Because these consolidated cases are challenges to EPA's decision not to reconsider the Clean Power Plan, Movant-Intervenors' interest in intervening here is the same as in *West Virginia v. EPA* (the challenge to the Clean Power Plan itself), set out in detail in their October 27, 2015 and November 24, 2015 motions. *See* Mot. for Leave to Intervene, No. 15-1363 (D.C. Cir. Oct. 27, 2015), ECF 1580219; Mot. to Intervene, No. 15-1363 (D.C. Cir. Nov. 24, 2015), ECF 1585197. As noted above, this Court granted those earlier intervention motions, and the same treatment is warranted here. Movant-Intervenors' interest in defending the Clean Power Plan against all attempts to weaken, further delay, or overturn it includes an interest in defending the Clean Power Plan against the challenges to the Reconsideration and Stay Denial currently brought by

[3] *See* Order of Jan. 25, 2017, in No. 17-1024, ECF No. 1657354.

Petitioners.[4] *See* Mot. for Leave to Intervene at 2–7, No. 15-1363 (D.C. Cir. Oct. 27, 2015), ECF 1580219; Mot. to Intervene at 1-3, 8-12, No. 15-1363 (D.C. Cir. Nov. 24, 2015), ECF 1585197. Movant-Intervenors are not-for-profit organizations with long-standing interests in and commitments to protecting their members and the public from the impacts of dangerous air pollution from power plants, including the impacts of climate change and other harms to public health and welfare.[5] Were Petitioners to succeed in their challenges to the denial of reconsideration, the result could ultimately be to delay or weaken the Clean Power Plan to the detriment of Movant-Intervenors, their members, and the public.

---

[4] The Movant-Intervenors submitted extensive comments on the Clean Power Plan, *see*, *e.g.*, EPA Doc. ID Nos. EPA-HQ-OAR-2013-0602-26818 (Natural Resources Defense Council); EPA-HQ-OAR-2013-0602-23140 (Environmental Defense Fund); EPA-HQ-OAR-2013-0602-24029 (Sierra Club); EPA-HQ-OAR-2013-0602-25292 (Center for Biological Diversity); EPA-HQ-OAR-2013-0602-23044 (American Lung Association); EPA-HQ-OAR-2013-0602-23034 (Clean Air Council); EPA-HQ-OAR-2013-0602-23120 & -22711 (Clean Wisconsin); EPA-HQ-OAR-2013-0602-23369 (Conservation Law Foundation); and EPA-HQ-OAR-2013-0602-35984 (The Ohio Environmental Council). In addition, thousands of Movant-Intervenors' members submitted individual comments.

[5] For descriptions of Movant-Intervenors' long-standing interest in and commitment to protecting their members and the public from the impacts of dangerous air pollution from existing power plants, *see* Ex. A, Wimmer Decl. (American Lung Association) ¶¶ 2–3; Ex. B, Siegel Decl. (Center for Biological Diversity) ¶¶ 2–11; Ex. C, Minott Decl. (Clean Air Council) ¶¶ 3–5, 23; Ex. D, Reopelle Decl. (Clean Wisconsin) ¶¶ 3, 5; Ex. E, Stith Decl. (Environmental Defense Fund) ¶¶ 3–6; Ex. F, Trujillo Decl. (Natural Resources Defense Council) ¶¶ 5–7; Ex. G, Taylor-Miesle Decl. (The Ohio Environmental Council) ¶¶ 2–4, 6, 8–10, 13–18; Ex. H, Hitt Decl. (Sierra Club) ¶¶ 3, 5–6, 9–12.

Movant-Intervenors' prior participation in cases relating to the Clean Power Plan underscores the strength of their interests here. This Court has repeatedly granted intervention to Movant-Intervenors in challenges to EPA Clean Air Act regulations that address greenhouse gas pollution and climate change. Mot. for Leave to Intervene at 3, No. 15-1363 (D.C. Cir. Oct. 27, 2015), ECF 1580219.[6] Movant-Intervenors were granted intervention in the proceedings challenging the Clean Power Plan, and several Movant-Intervenors also were granted leave to intervene in *North Dakota v. EPA*, No. 15-1381 (challenging EPA's carbon pollution standards for new, modified, and reconstructed fossil fuel-fired power plants), as well as in the premature challenges to the Clean Power Plan in *In re West Virginia*, No. 15-1277, *In re Murray Energy Corp.*, No. 14-1112, and *In re West Virginia*, No. 14-1146. This Court's practice of granting intervention in such cases properly recognizes that organizations like Movant-Intervenors offer distinct perspectives in defending government actions that protect their concrete interests.

Movant-Intervenors' interest in this case tracks their interest in the cases challenging EPA's 2015 promulgation of the Clean Power Plan, namely, to preserve the emission limitations in the Plan. Fossil fuel-fired power plants are by

[6] *See, e.g.*, *West Virginia v. EPA*, No. 14-1146; *Plant Oil Powered Diesel Fuel Sys., Inc. v. EPA*, No. 12-1428; *Perry v. EPA*, No. 11-1128 (consolidated with *Texas v. EPA*, No. 10-1425); *Las Brisas Energy Ctr., LLC v. EPA*, No. 12-1248; *Se. Legal Found.* v. EPA, No. 10-1131; and *Coal. for Responsible Regulation, Inc. v. EPA*, No. 10-1073.

far the largest emitters of carbon dioxide among stationary sources in the nation. These emissions contribute to climate change immediately and continue to do so for as long as they remain and accumulate in the atmosphere. Endangerment Finding and Cause and Contribute Findings for Greenhouse Gases Under Section 202(a) of the Clean Air Act, 74 Fed. Reg. 66,496, 66,518–19 (Dec. 15, 2009) ("Endangerment Finding"); *see also* 80 Fed. Reg. at 64,683–88 (concluding that more recent scientific assessments confirm the Endangerment Finding). The Clean Power Plan, as finalized, will help curb the growth of atmospheric carbon dioxide concentrations and thereby reduce the threats that climate change poses to Movant-Intervenors' members and their families, consistent with EPA's obligation under the Clean Air Act to abate air pollution that endangers public health and welfare.[7]

---

[7] Movant-Intervenors' members use, own, and enjoy property and natural resources that are harmed or threatened by climate change. *See, e.g.*, Ex. A, Wimmer Decl. ¶¶ 8–9; Ex. C, Minott Decl. ¶¶ 17–22; Ex. D, Reopelle Decl. ¶¶ 15–18; Ex. K, Molyneaux Decl. (Conservation Law Foundation) ¶¶ 13, 15–17; Ex. G, Taylor-Miesle Decl. ¶¶ 6–14; Ex. H, Hitt Decl. ¶ 11; Ex. J, Ross Decl. (Center for Biological Diversity) ¶¶ 3, 7, 12–32; Ex. O, Winegrad Decl. (Natural Resources Defense Council) ¶¶ 8–17; Ex. I, Reardon Decl. (American Lung Association) ¶¶ 16, 19; Ex. L, Cooley Decl. (Environmental Defense Fund) ¶¶ 11–12; Ex. M, Fort Decl. (Environmental Defense Fund) ¶¶ 5, 11–13; Ex. N, Marsh-Robinson Decl. (Environmental Defense Fund) ¶¶ 5, 10–11. Movant-Intervenors' members also include people who suffer from, and/or have family members who suffer from, climate change-related illnesses. *See, e.g.*, Ex. C. Minott Decl. ¶ 21; Ex. G, Taylor-Miesle Decl. ¶16; *cf.*, *Massachusetts v. EPA*, 549 U.S. 497, 526 (2007) (noting that reduced risk of catastrophic climate change from reduced greenhouse gas emissions supported state petitioner's standing).

The Clean Power Plan also will produce reductions in existing power plants' emissions of smog- and soot-forming pollutants such as sulfur dioxide, nitrogen oxides, and fine particles.[8] *See* 80 Fed. Reg. at 64,670, 64,680–81. These reductions in pollution will help prevent asthma attacks, respiratory disease, heart attacks, and premature deaths that occur each year as a result of exposure to such pollutants, reducing the risks these serious illnesses pose to the Movant-Intervenors' members and their families.[9] Movant-Intervenors' members also include persons living in low-income communities and in communities of color,[10] which are disproportionately affected by the environmental harms, including air pollution and climate change harms, associated with fossil fuel-fired power plants. *See* 80 Fed. Reg. at 64,670, 64,914.

If successful, Petitioners' claims could ultimately weaken or further delay the vital protections in the Clean Power Plan. That outcome would harm Movant-

---

[8] *Cf.* 80 Fed. Reg. at 64,914 (discussing emissions of fine particles, sulfur dioxide, nitrogen oxides, and other pollutants from existing power plants that threaten human health and that will fall as those plants' greenhouse gas emissions are controlled); *see also, e.g.*, Ex. I, Reardon Decl. ¶¶ 6–9, 10–11; Ex. P, Leonard Decl. (Sierra Club) ¶¶ 10, 16, 18; Ex. Q, Ballard Decl. (Sierra Club) ¶¶ 4, 6, 8, 9–10.

[9] *See, e.g.*, Ex. A, Wimmer Decl. ¶¶ 7–8; Ex. C, Minott Decl. ¶¶ 11, 13, 19–22; Ex. K, Molyneaux Decl. ¶¶ 9–10, 13, 16–17; Ex. G, Taylor-Miesle Decl. ¶¶ 8– 14, 18; Ex. I, Reardon Decl. ¶¶ 6–19; Ex. P, Leonard Decl. ¶¶ 2-3, 7-9, 10–11, 13–17, 19; Ex. L, Cooley Decl. ¶ 12; Ex. M, Fort Decl. ¶ 11; Ex. N, Marsh-Robinson Decl. ¶ 10; Ex. Q, Ballard Decl. ¶¶ 7–10.

[10] *See, e.g.*, Ex. P, Leonard Decl. ¶¶ 2–3, 7–9, 15.

Intervenors' members by exacerbating the impacts of climate change and of smog and soot, undermining the Clean Power Plan's health and welfare benefits.

**CONCLUSION**

For these reasons, Movant-Intervenors respectfully request that they be granted leave to intervene in support of Respondent EPA in the above-captioned proceedings.

Respectfully submitted,

/s/ Melissa J. Lynch

Sean H. Donahue
Susannah L. Weaver
Donahue & Goldberg, LLP
1111 14th Street NW,
Suite 510A
Washington, D.C. 20005
(202) 277-7085
sean@donahuegoldberg.com
susannah@donahuegoldberg.com
*Counsel for Environmental Defense Fund*

David Doniger
Benjamin Longstreth
Melissa J. Lynch
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
(202) 513-6256
ddoniger@nrdc.org
blongstreth@nrdc.org
llynch@nrdc.org
*Counsel for Natural Resources Defense Council*

Tomás Carbonell
Vickie Patton
Martha Roberts
Benjamin Levitan
Environmental Defense Fund
1875 Connecticut Avenue NW
Suite 600
Washington, D.C. 20009
(202) 572-3610
tcarbonell@edf.org
vpatton@edf.org
mroberts@edf.org
blevitan@edf.org
*Counsel for Environmental Defense Fund*

Ann Brewster Weeks
James P. Duffy
Clean Air Task Force
18 Tremont Street, Suite 530
Boston, MA 02108
(617) 624-0234, ext. 156
aweeks@catf.us
jduffy@catf.us
*Counsel for American Lung Association, Clean Air Council, Clean Wisconsin, Conservation Law Foundation, and The Ohio Environmental Council*

Vera P. Pardee
Kevin P. Bundy
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(415) 632-5317
vpardee@biologicaldiversity.org
*Counsel for Center for Biological Diversity*

Joanne Spalding
Andres Restrepo
Alejandra Núñez
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5725
joanne.spalding@sierraclub.org
andres.restrepo@sierraclub.org
alejandra.nunez@sierraclub.org
*Counsel for Sierra Club*

Howard I. Fox
David S. Baron
Timothy D. Ballo
Earthjustice
1625 Mass. Ave., NW, Suite 702
Washington, DC 20036
(202) 667-4500
hfox@earthjustice.org
dbaron@earthjustice.org
tballo@earthjustice.org
*Counsel for Sierra Club*

William V. DePaulo, Esq.
122 N Court Street, Suite 300
Lewisburg, WV 24901
(304) 342-5588
william.depaulo@gmail.com
*Counsel for West Virginia Highlands Conservancy, Ohio Valley Environmental Coalition, Coal River Mountain Watch, Kanawha Forest Coalition, Mon Valley Clean Air Coalition, and Keeper of the Mountains Foundation*

Dated: February 1, 2017

## CERTIFICATE OF SERVICE

I certify that on February 1, 2017, the foregoing MOTION OF AMERICAN LUNG ASSOCIATION, CENTER FOR BIOLOGICAL DIVERSITY, CLEAN AIR COUNCIL, CLEAN WISCONSIN, COAL RIVER MOUNTAIN WATCH, CONSERVATION LAW FOUNDATION, ENVIRONMENTAL DEFENSE FUND, KANAWHA FOREST COALITION, KEEPER OF THE MOUNTAINS FOUNDATION, MON VALLEY CLEAN AIR COALITION, NATURAL RESOURCES DEFENSE COUNCIL, OHIO VALLEY ENVIRONMENTAL COALITION, SIERRA CLUB, THE OHIO ENVIRONMENTAL COUNCIL, AND WEST VIRGINIA HIGHLANDS CONSERVANCY FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENT, was served upon all registered counsel via the Court's ECF system.

/s/ Melissa J. Lynch

Dated: February 1, 2017

**RULE 26.1 DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure and D.C. Circuit Rule 26.1, Movant-Intervenors American Lung Association, Center for Biological Diversity, Clean Air Council, Clean Wisconsin, Coal River Mountain Watch, Conservation Law Foundation, Environmental Defense Fund, Kanawha Forest Coalition, Keeper of the Mountains Foundation, Mon Valley Clean Air Coalition, Natural Resources Defense Council, Ohio Valley Environmental Coalition, Sierra Club, The Ohio Environmental Council, and West Virginia Highlands Conservancy state that they are not-for-profit nongovernmental organizations whose missions include protection of public health and the environment and conservation of natural resources. None of the organizations has any outstanding shares or debt securities in the hands of the public, or any parent, subsidiary, or affiliate that has issued shares or debt securities to the public.

/s/ Melissa J. Lynch

Sean H. Donahue
Susannah L. Weaver
Donahue & Goldberg, LLP
1111 14th Street NW,
Suite 510A
Washington, D.C. 20005
(202) 277-7085
sean@donahuegoldberg.com
susannah@donahuegoldberg.com
*Counsel for Environmental Defense Fund*

David Doniger
Benjamin Longstreth
Melissa J. Lynch
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
(202) 513-6256
ddoniger@nrdc.org
blongstreth@nrdc.org
llynch@nrdc.org
*Counsel for Natural Resources Defense Council*

Tomás Carbonell
Vickie Patton
Martha Roberts
Benjamin Levitan
Environmental Defense Fund
1875 Connecticut Avenue NW
Suite 600
Washington, D.C. 20009
(202) 572-3610
tcarbonell@edf.org
vpatton@edf.org
mroberts@edf.org
blevitan@edf.org
*Counsel for Environmental Defense Fund*

Ann Brewster Weeks
James P. Duffy
Clean Air Task Force
18 Tremont Street, Suite 530
Boston, MA 02108
(617) 624-0234, ext. 156
aweeks@catf.us
jduffy@catf.us
*Counsel for American Lung Association, Clean Air Council, Clean Wisconsin, Conservation Law Foundation, and The Ohio Environmental Council*

Vera P. Pardee
Kevin P. Bundy
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(415) 632-5317
vpardee@biologicaldiversity.org
*Counsel for Center for Biological Diversity*

Joanne Spalding
Andres Restrepo
Alejandra Núñez
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5725
joanne.spalding@sierraclub.org
andres.restrepo@sierraclub.org
alejandra.nunez@sierraclub.org
*Counsel for Sierra Club*

Howard I. Fox
David S. Baron
Timothy D. Ballo
Earthjustice
1625 Mass. Ave., NW, Suite 702
Washington, DC 20036
(202) 667-4500
hfox@earthjustice.org
dbaron@earthjustice.org
tballo@earthjustice.org
*Counsel for Sierra Club*

William V. DePaulo, Esq.
122 N Court Street, Suite 300
Lewisburg, WV 24901
(304) 342-5588
william.depaulo@gmail.com
*Counsel for West Virginia Highlands Conservancy, Ohio Valley Environmental Coalition, Coal River Mountain Watch, Kanawha Forest Coalition, Mon Valley Clean Air Coalition, and Keeper of the Mountains Foundation*

Dated: February 1, 2017